IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEREL MCELROY                                                                                           PETITIONER

V.                                            Case No. 24-CV-5031

STATE OF ARKANSAS                                                                              RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was transferred to this district from the Eastern District of Arkansas. (ECF Nos. 1, 2 & 14).  Petitioner, who remains in the custody of the Arkansas Department of Correction, seeks to vacate his December 2023 conviction[1] in Benton County Circuit Court, alleging, *inter alia*, that he was unlawfully arrested; that evidence unconstitutionally obtained during an unlawful search and seizure was admitted during his trial; that there was prosecutorial misconduct; that he was denied a fair and impartial trial and due process; and that he was denied counsel. (ECF No. 14). The petition is assigned to U.S. District Court Judge Timothy L. Brooks who referred it to the undersigned for consideration and Report and Recommendation pursuant to Rule 72.1(VIII)(B) of the Local Rules for the United States District Courts for the Eastern and Western Districts of Arkansas.

Because Petitioner is "in custody pursuant to the judgment of a State court," he has only one means by which to challenge the validity of his conviction and that is pursuant to 28 U.S.C. § 2254. *See Crouch v. Norris*, 251 F.3d. 720, 722-23 (8th Cir. 2001).  There is, however, a hurdle:  Section

---

[1] An Amended Sentencing Order was entered on February 2, 2024, in *State of Arkansas v. McElroy,* 04CR-19-2555.

2254(b)(1)(A) prohibits federal court consideration of habeas relief in the absence of exhaustion; this exhaustion requirement ensures that state courts have the opportunity fully to consider federal law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999) (state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking the state's appellate review process); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). In other words, the exhaustion requirement prevents a federal court from considering a § 2254 habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state court relief. *Humphrey v. Cady,* 405 U.S. 504, 516 (1972); *Murphy v. King,* 652 F.3d 845, 848-49 (8th Cir. 2011) (a habeas petitioner must first "fairly present" his claims in state court before seeking § 2254 relief in federal court). Unless special circumstances are demonstrated, a federal court does not interfere with ongoing state criminal proceedings. *Hamilton v. Higgins,* 2024 WL 1442190, *1 (E.D. Ark. April 3, 2024).

Petitioner acknowledges seeking post-conviction relief in his Petition, and suggests in other motions that he is or will be pursuing additional avenues of post-conviction relief. *See* ECF No. 10 (Motion for Transcript for Rule 37 Proceedings); No. 12 (Motion to Correct an Illegal Sentence); and No. 13 (Motion to Dismiss Information with Bar to Prosecution pursuant to Rule 28.1(b) and 28.2(a)). It is clear to the Court, however, that Petitioner has not exhausted his state court remedies. Petitioner's direct appeal of his criminal case *(State of Arkansas v. McElroy,* 04CR-19-2555), initiated on January 8, 2024, is in its infancy, and the Honorable Circuit Judge Brad Karren extended the time for filing the appellate record to July 7, 2024.

Because the Petitioner has not exhausted direct appellate review of his state court conviction, he has not exhausted his state remedies and his Petition must be dismissed without prejudice as premature.

Should Petitioner exhaust his state court remedies or otherwise reach an insurmountable roadblock in the state courts, Petitioner can re-file his action under § 2254. For these reasons, it is recommended that Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. §636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 29th day of May 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE